UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CARLINE CURRY, | ) | CASE NO. 1:14cv0177 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| CITY OF MANSFIELD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is *pro se* Plaintiff Carline Curry's *in forma pauperis* Complaint alleging violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.*, 42 U.S.C. §1983 *et seq*, 42 U.S.C. §2000 *et seq* ("Title VII"), and Ohio Revised Code § 4112 ("ORC § 4112") based on unspecified discrimination. In addition, she alleges intentional infliction of emotional distress, defamation, and negligent supervision. Ms. Curry names the City of Mansfield, Mansfield Mayor Tim Theaker, Public Works Director Angelo Klousiadis, Human Resources Director Dave Remy, and Plant Manager Mark Morgan as Defendants. She seeks compensatory and punitive damages totaling $15 million.

*Background*

Ms. Curry's sixty page Complaint recounts "issues" occurring from March 12, 2012 until one month before she filed this action on January 27, 2014. She uses acronyms without any explanation or context and very few complete sentences. Most paragraphs in the Complaint end with a question which makes it difficult to determine whether Ms. Curry is asserting a claim or asking the Court to determine if the complained action states a claim.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court must dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915(e).

*Discussion*

The doctrine of *res judicata* promotes judicial economy and protects litigants from the burden of relitigating claims and issues with the same parties. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). Under *res judicata*, a final judgment on the merits of an action bars relitigation between the same parties or their privies on issues that were or could have been raised in that action. *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 467 n. 6 (1982); *Vinson*

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*v. Campbell County Fiscal Court*, 820 F.2d 194, 197 (6th Cir.1987).

To dismiss a claim on *res judicata* grounds, four conditions must be met: 1) a final decision on the merits in the first action by a court of competent jurisdiction, 2) the subsequent civil action is between the same parties as the first action; 3) an issue or claim in the subsequent action was litigated or should have been litigated in the prior action; and 4) an identity of the causes of action. *See, e.g., Hamilton's Bogarts, Inc. v. State of Michigan*, 501 F.3d 644, 650 n. 4 (6th Cir.2007). *Res judicata* may be used as an affirmative defense, but this court is also empowered to raise the issue *sua sponte*. *See United States v. Sioux Nation of Indians*, 448 U.S. 371, 432 (1980); Holloway Const. Co. v. U.S. Dept. of Labor, 891 F.2d 1211, 1212 (6th Cir. 1989).

This is the eleventh lawsuit Ms. Curry has filed in this Court and the ninth one involving the City of Mansfield and/or some of its employees. She filed a complaint on November 20, 2012 naming the same defendants herein, asserting the same federal claims, and recounting "issues" arising between March 7, 2011 and December 2011. On January 25, 2013, United States District Judge Dowd issued a Memorandum Opinion dismissing the complaint with prejudice for failure to state a claim. *Curry v. City of Mansfield, Ohio et al*, No. 1:12cv 2887 (N.D. Ohio 2012).

All elements necessary to dismiss a complaint based on *res judicata* have been met. There has been a final decision on the merits in the previous action, involving the same parties and issues which were or could have been raised. To the extent the Complaint herein cites "issues" arising after the filing of the previous Complaint, the Court agrees with Judge Dowd's conclusion that "plaintiff's list of ... events do[es] not contain the material elements of a viable legal theory or otherwise contain allegations reasonably suggesting that she might have a valid federal claim." (Case No. 12 CV 2887, Doc. 3 at 3).

*Conclusion*

Based on the foregoing, Ms. Curry's Motion to Proceed *in forma pauperis* is granted (Doc. No. 2) and the Complaint is dismissed based on *res judicata* and for failing to state a claim for relief pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."